UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:17-cv-00107-JHM

JOSEPH H. CECIL                                                                              PLAINTIFF

V.

HUGH HAYNIE                                                                               DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss [DN 7]. Fully briefed, this matter is ripe for decision. For the following reasons, Defendant's Motion is **GRANTED**.

**I. BACKGROUND**

Defendant Jefferson County Family Court Judge Haynie presided over Plaintiff Joseph Cecil's divorce proceedings, which were lengthy and bifurcated into two trials in 2012 and 2013. (Mem. [DN 7-1] at 1.) A final decree of divorce was entered on July 11, 2013 and was affirmed by the Kentucky Court of appeals in Cecil v. Cecil, No. 2013-CA-001608-MR, 2015 WL 4153637, at *1 (Ky. Ct. App. July 10, 2015), reh'g denied (Aug. 27, 2015), review denied (Mar. 9, 2016), cert. denied, 137 S. Ct. 104 (2016). Cecil filed his complaint in this Court on February 21, 2017, alleging that Judge Haynie, did not apply the rules of ERISA appropriately as they pertained to Plaintiff's state court divorce proceedings. (Compl. [DN 1] at 5.) He requests that the Court "instruct and clarify the application of ERISA to the before case and to instruct the Family Court to proceed accordingly." (Id. at 6.) In response, Judge Haynie filed the instant Motion to Dismiss under Rule 12(b)(6).

**II. STANDARD OF REVIEW**

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiffs," League of United

Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true," id., and determine whether the "complaint . . . states a plausible claim for relief," Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for its entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." Id. at 679. Instead, "a complaint must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" Id. at 663 (quoting Fed. R. Civ. P. 8(a)(2)). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. DISCUSSION

Defendant argues that Plaintiff's complaint should be dismissed for a lack of subject matter jurisdiction under the Rooker-Feldman doctrine and the Eleventh Amendment, and for failure to state a claim as barred by absolute judicial immunity.

From the background of this litigation as discussed above, it is clear that the divorce proceedings and the application of ERISA thereto has been exhaustively litigated and resolved in Jefferson County Circuit Court and subsequently in the Kentucky Court of Appeals. Because Plaintiff seeks to reopen those divorce proceedings and instruct the Jefferson County Circuit

Court to rule differently, the Court lacks subject-matter jurisdiction under the Rooker–Feldman doctrine. Givens v. Homecomings Fin., 278 Fed.Appx. 607, 608 (6th Cir. 2008).

"The Rooker-Feldman doctrine divests federal courts of jurisdiction over 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" Bell v. Jp Morgan Chase Bank N.A., No. 5:16-CV-00021-TBR, 2016 WL 4180005, at *2 (W.D. Ky. Aug. 5, 2016) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). Here, Plaintiff does exactly that. By asking this Court to determine that the state court applied ERISA incorrectly and to instruct the state court to proceed in the decidedly correct fashion, the foundation of Plaintiff's complaint is inextricably intertwined with the correctness of the Jefferson Circuit Court's judgment. See Kafele v. Lerner, Sampson & Rothfuss, L.P.A., 161 Fed. App'x 487, 489–90 (6th Cir. 2005). Effectively, then, Plaintiff asks the Court to review and invalidate the state court's resolution of the divorce proceedings. Because Plaintiff's claim is "predicated on their conviction that the state courts were wrong," it "satisfy[ies] 'the very definition' of a case requiring Rooker-Feldman abstention." Kafele, 161 F. App'x at 490 (6th Cir. 2005) (quoting Tropf v. Fidelity Nat'l Title Ins. Co., 289 F.3d 929, 937–38 (6th Cir.2002). Accordingly, under this doctrine, the Court lacks subject-matter jurisdiction to hear Plaintiff's claim.

Alternatively, it is well settled that any suit filed against a judge in his official capacity is barred by the Eleventh Amendment. Bennett v. Thorburn, 843 F.2d 1390, 1988 WL 27524, at *1 (6th Cir. 1988) (unpublished table decision) (finding state court judge immune from suit under the Eleventh Amendment for presiding in the state court litigation); see Kentucky v. Graham, 473 U.S. 159, 169 (1985); Ward v. City of Norwalk, 640 F. App'x 462, 464 (6th Cir. 2016);

Geary v. Brantley, No. 4:12CV-P33-M, 2012 WL 3598286, at *3 (W.D. Ky. Aug. 17, 2012). Consequently, to the extent Plaintiff's complaint encompasses claims involving acts committed by Judge Haynie in his official capacity, they are barred by the Eleventh Amendment.

Nevertheless, Plaintiff argues that the Eleventh Amendment "does not stop federal courts from issuing an injunction against a state official who is violating a federal law" under Ex parte Young, 209 U.S. 123, 158–59 (1908). (Response [DN 8] at 1.) Plaintiff asserts that Judge Haynie violated federal law, specifically in the manner that he applied ERISA to Plaintiff's divorce proceedings, and this Court has the ability to "order [Judge Haynie] to stop." (Id. at 2.) However, Ex Parte Young does not apply here. "In Ex parte Young, the Court mandated that, at least in some cases, a claim solely for prospective injunctive relief restraining a state official from continuing an ongoing violation of federal law may not be barred from federal court by the Eleventh Amendment." Mumford v. Basinski, 105 F.3d 264, 270 (6th Cir. 1997) (citing Seminole Tribe of Florida v. Florida, 517 U.S. 44, 73 (1996); Green v. Mansour, 474 U.S. 64, 68 (1985)). Actions against a state officer including a claim for retrospective relief for past violations of federal law "are not exempted from the Eleventh Amendment's jurisdictional bar." Id. (citing Green, 474 U.S. at 68). Because Plaintiff has brought this action seeking retrospective relief, his claims do not fall under the application of Ex Parte Young, and the Eleventh Amendment still immunizes Judge Haynie from suit.

Similarly, a judge is immune from liability in his individual capacity for judicial acts if at the time he acted, regardless of whether he acted in error, maliciously, or in excess of his authority, he had jurisdiction over the subject matter before him. See Mireles v. Waco, 502 U.S. 9, 11, 12 (1991); Pierson v. Ray, 386 U.S. 547, 554–55 (1967); Stump v. Sparkman, 435 U.S. 349, 356–58 (1978); Ireland v. Tunis, 113 F.3d 1435, 1441 (6th Cir. 1997); Geary, 2012 WL

4

3598286, at *2; Vaughn v. Webb, 911 S.W.2d 273, 275 (Ky. Ct. App. 1995). Plaintiff has not asserted that Judge Haynie has committed any nonjudicial actions or actions outside of his jurisdiction. Simply presiding over Plaintiff's divorce proceedings and rendering proper determinations in the course of the litigation are, in fact, "functions normally performed by a judge." Geary, 2012 WL 3598286, at *2. Therefore, any allegedly erroneous acts executed by Judge Haynie were judicial in nature and subject to judicial immunity. To the extent that Plaintiff's complaint includes claims against Judge Haynie in his individual capacity, they are barred by judicial immunity.

Accordingly, for multiple reasons, Plaintiff's claims fail under Fed. R. Civ. P. 12(b)(6). Because Plaintiff has stated no other plausible grounds for relief, the Court grants Defendant's Motion to Dismiss.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [DN 7] is **GRANTED**.

*Joseph H. McKinley, Jr., Chief Judge*
**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

May 3, 2017

cc: Plaintiff and counsel of record

5